MEMORANDUM OPINION
{¶ 1} On August 14, 2003, appellant, Home Roam Pools[1], filed a notice of appeal from a July 18, 2003 judgment of the Ashtabula County Court of Common Pleas. In that judgment, the trial court denied appellant's motion to dismiss the underlying complaint pursuant to Civ.R. 12(B)(6) in this product liability case. The trial court specifically found that "[a]fter presuming all facts in the complaint to be true and making all reasonable inferences in favor of the Plaintiff, it appears *** that it is possible that the Plaintiff may be able to prove a set of facts that would entitle him to recovery ***."
 {¶ 2} On September 9, 2003, appellee, Jessica Hill, filed a motion to dismiss this appeal due to lack of jurisdiction. Appellee attached three exhibits to her motion to dismiss. Additionally, appellee included a request for costs based upon her allegation that this appeal is frivolous under App.R. 23.
 {¶ 3} On September 19, 2003, appellant filed a brief in opposition to appellee's motion to dismiss, and also a motion to strike appellee's exhibits "A" and "C". On October 1, 2003, appellee filed a response to appellant's motion to strike.
 {¶ 4} To begin with, we will grant appellant's motion to strike exhibits "A" and "C" which appellee attached to her motion to dismiss. Exhibit "A" is a copy of a letter sent from appellee's attorney to appellant's attorney on August 21, 2003. This is clearly not part of the record and was not considered by the trial court in reaching its decision. See App.R. 9(A). Accordingly, this document cannot be considered on appeal. App.R. 12(A)(1)(b).
 {¶ 5} Exhibit "C" is a copy of appellee's amended complaint filed in Ashtabula C.P. No. 2001 CV 310 on August 19, 2003. Once again, that document could not have been considered by the trial court in reaching its decision as it was not filed until after the notice of appeal was filed in the instant cause.
 {¶ 6} Based upon the foregoing analysis, these exhibits are hereby stricken from the record and not considered by this court.
 {¶ 7} Regarding appellee's motion to dismiss, she contends that since the trial court chose not to include Civ.R. 54(B) language indicating that there was no just reason for delay, its judgment denying appellant's motion to dismiss is not a final appealable order. This argument is without merit as Civ.R. 54(B) has no applicability to this case. Civ.R. 54(B) addresses the situation where there are multiple claims or multiple parties, and fewer than all the claims or parties are disposed of by the trial court. That is not the situation before us as there has been no adjudication of any party or claim.
 {¶ 8} However, appellee's failure to offer a valid basis to support her conclusion does not end our analysis. In fact, there have been numerous courts in Ohio, including this one, that have specifically held that the denial of a motion to dismiss a complaint is not a final appealable order.[2]
 {¶ 9} Based upon the foregoing line of cases, we once again hold that the denial of a motion to dismiss a complaint is not a final appealable order. Accordingly, appellee's motion to dismiss this case is hereby granted. However, appellee's motion for attorney fees is overruled as attorney fees are not warranted in this case.
Appeal dismissed.
Donald R. Ford, P.J., and Cynthia Westcott Rice, J., concur.
[1] The correct name for Appellant is "Home and Roam Leisure Products, Inc." However, since "Home and Roam Pools" was used in the original complaint, we are bound to use that name for purposes of disposing of the instant appeal.
[2] BGGS, L.L.C. v. Raab (July 17, 1998), 11th Dist. No. 98-L-041, 1998 WL 552984, *3. See, also, Westhaven Service Co. v. Coon, 6th Dist. No. L-03-1088, 2003-Ohio-2532, ¶ 9; Stewart v. Chippewa Loc. SchoolDist. (Feb. 2, 2000), 9th Dist. No. 98CA0049, 2000 WL 141076 *2;Nicholson v. Nicholson (Dec. 16, 1999), 8th Dist. No. 73905, 1999 WL 1206001, *3; and Crestmont Cleveland Partnership v. Ohio Dept. of Health
(Oct. 14, 1999), 10th Dist. No. 98AP-1272, 1999 WL 816155, *2.