DECISION
{¶ 1} Plaintiff-appellant, Christina Marczika, appeals from a judgment of the Franklin County Municipal Court granting the motion for reconsideration of defendant-appellee, Barry P. Bryan, properly denominated Brian P. Barry. Because the trial court improperly attempted to exercise its jurisdiction in granting the motion for reconsideration, we vacate the trial court's judgment.
 {¶ 2} On April 29, 2003, plaintiff filed a complaint alleging defendant negligently operated a motor vehicle into the rear of plaintiff's vehicle and thereby caused plaintiff injury. Plaintiff requested certified mail service on defendant, and the mail was returned unclaimed on May 19, 2003. On June 18, 2003, the Clerk of the Municipal Court sent summons and complaint to defendant by ordinary mail that was not returned.
 {¶ 3} Having not received an answer from defendant, plaintiff on August 14, 2003, filed a motion for default judgment and served it on defendant at the address set forth in the complaint. The next day, the trial court granted plaintiff a default judgment against defendant and entered judgment for plaintiff in the amount of $15,000.
 {¶ 4} Apparently as a result of plaintiff's collection efforts, defendant on October 1, 2003, filed a Civ.R. 60(B) motion seeking relief from judgment. In his motion, defendant contended he did not receive service of the complaint because, at the time of the accident, he resided in Lockland, Ohio, not the Westerville address set forth in plaintiff's complaint. Moreover, defendant stated that, subsequent to the date of the accident, he resided in Indiana, again in Lockland, again in Indiana, and then Cincinnati. According to defendant, the complaint was not forwarded through ordinary U.S. mail to any of defendant's other addresses. Following the parties' full briefing of the motion, the trial court, on November 26, 2003, entered judgment denying defendant's motion without a hearing.
 {¶ 5} Defendant responded on December 11, 2003, with a motion for reconsideration, and plaintiff filed a memorandum in response. The trial court, on February 13, 2004, granted defendant's motion for reconsideration and vacated the default judgment. Plaintiff timely appeals, assigning the following errors:
I. The lower court committed error by determining that there was no effective service on defendant-appellee.
II. The lower court committed error in granting defendant-appellee's motion to reconsider the court's entry denying the motion to vacate.
 {¶ 6} We first address plaintiff's second assignment of error, as it disposes of the appeal before us. In it, plaintiff asserts the trial court erred in granting defendant's motion to reconsider the trial court's judgment entry denying defendant's Civ.R.60(B) motion to vacate the judgment against him.
 {¶ 7} As a result of plaintiff's default judgment motion, the trial court entered a final judgment, determining both liability and damages. Although the judgment was subject to appeal pursuant to App.R. 4(A), defendant did not appeal the judgment, presumably because he was unaware of it within the 30 days allowed for appeal under Civ.R. 4(A). Instead, defendant filed a motion for relief from judgment pursuant to Civ.R. 60(B).
 {¶ 8} Pursuant to the terms of Civ.R. 60(B), "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding." Because the judgment rendered against defendant was final, defendant's Civ.R. 60(B) motion procedurally was appropriate. The trial court's November 26, 2003 entry denying defendant's Civ.R. 60(B) motion also was a final judgment subject to appeal. SeeArchitectural Interior Products v. Freeman Doors, LLC, Franklin
App. No. 03AP-265, 2004-Ohio-676; R.C. 2505.02. Defendant did not appeal the judgment, but instead filed a motion for reconsideration.
 {¶ 9} The Ohio Civil Rules of Procedure, however, do not provide for a motion for reconsideration, and such motions are considered a nullity when they are filed after a final judgment.Pitts v. Dept. of Transportation (1981), 67 Ohio St.2d 378,379-380. Here, because the trial court entered a final judgment denying defendant's Civ.R. 60(B) motion, his subsequent motion for reconsideration is a nullity. Rutan v. Collins, Franklin App. No. 03AP-36, 2003-Ohio-4826, at ¶ 7, citing Saker v.Barton (May 20, 1999), Franklin App. No. 98AP-1142. Because the motion for reconsideration is a nullity, the judgment entered on it also is a nullity. Rutan, supra, quoting Primmer v. Lipp,
Fairfield App. No. 02-CA-94, 2003-Ohio-3577.
 {¶ 10} Moreover, a motion for reconsideration does not extend the time for an appeal.
Kauder v. Kauder (1974), 38 Ohio St.2d 265. As a result, when defendant failed to appeal the trial court's judgment entry denying his Civ.R. 60(B) motion, he lost the ability to attack that judgment, despite any errors in the trial court's procedure, if not substance, in resolving the motion.
 {¶ 11} Defendant nonetheless contends that because he was not served with the complaint, the default judgment granted against him is void ab initio. Defendant, however, raised the issue of service of process through his Civ.R. 60(B) motion. The trial court found it lacked merit, apparently concluding defendant failed to present a basis for holding a hearing on the issue of service of process. While the trial court may have erred in that conclusion, defendant failed to appeal it and thus is constrained by the judgment he failed to appeal.
 {¶ 12} For the foregoing reasons, plaintiff's second assignment of error is sustained, rendering moot her first assignment of error. The February 13, 2004 judgment of the trial court granting defendant's motion for reconsideration is vacated, and the November 26, 2003 judgment denying defendant's Civ.R. 60(B) motion is reinstated.
Judgment vacated.
Brown and Sadler, JJ., concur.