DECISION
{¶ 1} Defendant-appellant, the Bartmas Family Trust, Stephen Zehala, Trustee ("appellant"), appeals from the decision of the Franklin County Court of Common Pleas granting the motion of plaintiff-appellee, The Bank of New York ("appellee"), for default judgment against appellant.
 {¶ 2} On December 19, 1999, Rebecca Bartmas and Jonathon Bartmas executed a note and mortgage to EquiCredit Corporation of Ohio in the amount of $65,450 on the subject property located at 1021 Wedgewood Drive, Columbus, Ohio 43228 in Franklin County, Ohio. Because the mortgage loan account was in default for the September 2003 payment, and subsequent payments, on December 19, 2003, appellee filed a complaint in foreclosure against Rebecca Bartmas, Jonathon Bartmas, Jaime Doe, unknown occupant, and State of Ohio, Department of Taxation as defendants.
 {¶ 3} After obtaining service on those named in the original complaint, appellee moved for default judgment on February 25, 2004, against Rebecca Bartmas and Jonathon Bartmas. The trial court granted appellee's motion for default judgment on March 1, 2004. On June 23, 2004, appellant filed a motion for relief from judgment. Subsequently, appellee filed a motion to add a new party defendant, the Bartmas Family Trust c/o Jonathon Bartmas, Trustee. Due to the addition of the new party, appellant withdrew the motion for relief from judgment. On August 31, 2004, appellee filed a motion for default judgment as to the new party defendant, the Bartmas Family Trust. Appellant filed a "notice of intention to file memorandum contra to plaintiff's motion for default judgment," on September 3, 2004. However, on September 7, 2004, the trial court granted appellee's motion for default judgment and decree in foreclosure, and entered notice of a final appealable order. According to the file stamp from the clerk of court's office, the trial court's entry was filed at 12:01 p.m. Also, on September 7, 2004, appellant filed its memorandum contra to appellee's motion for default judgment, and according to its file stamp, the memorandum contra was filed at 3:10 p.m. On September 14, 2004, appellant filed a motion for relief from judgment. Thereafter, and prior to the trial court ruling on the motion for relief from judgment, appellant filed a notice of appeal to this court on September 29, 2004.
 {¶ 4} On appeal, appellant raises the following two assignments of error:
Assignment of Error No. 1:
Did the trial court abuse its discretion by granting Appellee's Motion for Default Judgment against Appellant where Appellant timely flied a Notice of Intention to File Memorandum Contra and a Memorandum Contra Appellee's Motion for Default with a sworn Affidavit attached stating that Appellant had not been served with the Complaint.
Assignment of Error No. 2:
Whether the trial court abused its discretion in failing to grant Appellant's Civ.R. 60(B) Motion for Relief from Judgment where the basis for the Motion was failure of service.
 {¶ 5} Under their first assignment of error, appellant contends that the trial court abused its discretion in granting appellee's motion for default judgment. Specifically, appellant argues that it was error for the trial court to grant a default judgment when it was clear that appellee had not perfected proper service of process on appellant.
 {¶ 6} While appellee perfected service on the Bartmas Family Trust, c/o Jonathon Bartmas, as Trustee, appellant argues that Jonathon Bartmas was not the trustee at the time appellee served its complaint in foreclosure. Rather, appellant contends that Stephen Zehala is the current trustee and should have been served with the complaint. Appellee argues that there is nothing before the court, or of record, to establish that Stephen Zehala is in fact the successor trustee, or in any way has an interest in the subject property. Therefore, appellee argues that service was proper because the Bartmas Family Trust was served with a copy of the complaint c/o Jonathon Bartmas, as trustee. Appellant directs us to several pieces of correspondence between the parties, namely Exhibits C-L attached to its September 7, 2004, memorandum contra to appellee's motion for default judgment, to establish that appellee had actual notice that Stephen Zehala is the successor trustee.
 {¶ 7} App.R. 9(A) provides, in pertinent part, that "the original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases." A reviewing court may not add matter to the record that was not part of the trial court's proceedings and then decide the appeal based on the new matter. McAuleyv. Smith (1998), 82 Ohio St.3d 393, 396, 696 N.E.2d 572.
 {¶ 8} Appellant argues that their exhibits are part of the record because they were previously attached to pleadings filed below, and thus, became part of the record upon the filing of this appeal. However, these items were filed after the trial court rendered its decision and judgment entry granting appellee's motion for default judgment.
 {¶ 9} Appellate review is limited to the record as it existed at the time the trial court rendered its judgment. Chickey v. Watts, Franklin App. No. 04AP-818, 2005-Ohio-4974, citing Van Meter v. Stebner (Dec. 28, 1994), Medina App. No. 2348-M, citing McKay v. Cutlip (1992),80 Ohio App.3d 487, 490, fn. 3; see, also, Hill v. Home RoamPools, Ashtabula App. No. 2003-A-0097, 2003-Ohio-5862, at 4-5 (appellate court struck from record amended complaint, filed after notice of appeal, because the trial court could not have considered it in reaching its decision). To consider appellant's exhibits for the first time on appeal would be akin to adding matter to the record that was not before the trial court, in contravention of settled authority prohibiting appellate courts from doing so. Therefore, we will not consider appellant's exhibits C through L attached to its September 7, 2004 memorandum contra to appellee's motion for default judgment.
 {¶ 10} Appellant argues that even if the court does not consider said exhibits, it is clear from the face of the deed that Jonathon Bartmas was not the trustee at the time appellee attempted service of its complaint in foreclosure. The deed states in pertinent part, as follows:
[T]he initial Trustee holding title to the aforesaid property under the terms of the aforesaid trust agreement shall be Jonathan Bartmas who shall be the trustee for the first ten days following the recording of this deed, after which E. Bixler shall become the trustee. The situs of the domicile of said trust shall be the domicile of the Trustee and of any successor Trustee who shall henceforth act in that capacity. * * *
(Exhibit B to Appellant's June 23, 2004 motion.)
 {¶ 11} We agree that the deed makes clear that Jonathon Bartmas is not the current trustee of the Bartmas Family Trust, since he was only the trustee for ten days following the recording of the deed, which occurred on September 20, 2001. Therefore, service of the complaint on the Bartmas Family Trust, c/o Jonathon Bartmas, as trustee, did not constitute proper service. Absent proper service of process, a trial court lacks jurisdiction to enter a judgment, and if a judgment is nevertheless rendered, it is a nullity and void ab initio. Don Ash Properties v.Dunno, Franklin App. No. 03AP-375, 2003-Ohio-5893, at 7; Miley v. STSSys., Inc. (2003), 153 Ohio App.3d 752. Since personal jurisdiction was not acquired over appellants because there was neither valid service of process, nor a voluntary appearance or submission of the appellant, the default judgment rendered against appellant is void ab initio.
 {¶ 12} Accordingly, we sustain appellant's first assignment of error.
 {¶ 13} In its second assignment of error, appellant argues that the trial court abused its discretion in failing to grant appellant's motion for relief from judgment pursuant to Civ.R. 60(B), where the basis of the motion was failure of service of process. The issue presented before this court is whether a trial court retains jurisdiction to consider a Civ.R. 60(B) motion for relief from judgment when an appeal from the same judgment is pending.
 {¶ 14} The filing of a notice of appeal generally divests the trial court of jurisdiction to act except over issues not inconsistent with the jurisdiction of the appellate court. In Howard v. Catholic Social Serv.of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141, the Supreme Court of Ohio held that an appeal divests a trial court of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment. Id. at 147; Stateex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm. (1992),63 Ohio St.3d 179, 181, citing Klinginsmith v. Felix (1989),62 Ohio App.3d 147, with approval. Jurisdiction may be conferred on the trial court only through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion. Howard, supra at 147.
 {¶ 15} Given the foregoing, it is clear the trial court did not abuse its discretion in not ruling on appellant's motion for relief from judgment because the trial court did not have jurisdiction to rule on said motion after the filing of the instant appeal. Accordingly, appellant's second assignment of error is overruled.
 {¶ 16} For the foregoing reasons, appellant's first assignment of error is sustained, appellant's second assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is reversed and this matter is remanded to that court for further proceedings in accordance with this opinion and the law.
Judgment reversed and cause remanded.
Brown, PJ., and Bryant, J., concur.