OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Appellants, Sieben Investments, et al., appeal the decision of the Mahoning County Court of Common Pleas granting a cognovit judgment to Appellee, Rachelle Cherol. Sieben argues the trial court improperly granted default judgment, but the trial court granted cognovit judgment, not default judgment, and Sieben's arguments are inapposite. Sieben also raises the appropriateness of the trial court's actions with regard to a Civ.R. 60(B) motion, but the trial court's action or lack thereof is not a proper subject of this appeal. Accordingly, the decision of the trial court is affirmed.
 Facts {¶ 2} On May 25, 2005, Cherol filed a cognovit complaint against Sieben and all its general partners, Ernest Blood, John E. Shrock, Bernard Torrence, and Robert Haremelink. By virtue of a warrant of attorney, an answer was filed by Sieben and its partners confessing judgment in favor of Cherol. The trial court then entered judgment against Sieben in the amount of $35,246.06 plus interest from March 1, 2005, and for all costs incurred by Cherol as a result of pursuing this action.
 {¶ 3} On July 5, 2005, Sieben both moved to vacate the trial court's judgment and appealed that judgment. Because the filing of the notice of appeal divested the trial court of jurisdiction to rule on the motion, this court ordered a limited remand of this case to the trial court for sixty days. However, the period of limited remand expired without any action being taken by the trial court.
 Cognovit Judgment Versus Default Judgment {¶ 4} In it's first two assignments of error, Sieben argues:
 {¶ 5} "The trial court erred in granting Appellee's motion for default judgment on the cognovit note at issue in this case against Appellant, Sieben investments."
 {¶ 6} "The trial court erred in granting Appellee's motion for default judgment on the cognovit note at issue in this case against Appellants, Ernest Blood, John E. Shrock, Bernard Torrence, and Robert Harmelink."
 {¶ 7} Sieben contends the trial court granted default judgment to Cherol, but it did not. Instead, it granted a cognovit judgment pursuant to R.C. 2323.13, which provides:
 {¶ 8} "(A) An attorney who confesses judgment in a case, at the time of making such confession, must produce the warrant of attorney for making it to the court before which he makes the confession. Notwithstanding any agreement to the contrary, if the maker or any of several makers resides within the territorial jurisdiction of a municipal court established under section 1901.01 of the Revised Code, or signed the warrant of attorney authorizing confession of judgment in such territory, judgment on such warrant of attorney shall be confessed in a municipal court having jurisdiction in such territory, provided the court has jurisdiction over the subject matter; otherwise, judgment may be confessed in any court in the county where the maker or any of several makers resides or signed the warrant of attorney. The original or a copy of the warrant shall be filed with the clerk.
 {¶ 9} "(B) The attorney who represents the judgment creditor shall include in the petition a statement setting forth to the best of his knowledge the last known address of the defendant.
 {¶ 10} "(C) Immediately upon entering any such judgment the court shall notify the defendant of the entry of the judgment by personal service or by registered or certified letter mailed to him at the address set forth in the petition. {¶ 11} "(D) A warrant of attorney to confess judgment contained in any promissory note, bond, security agreement, lease, contract, or other evidence of indebtedness executed on or after January 1, 1974, is invalid and the courts are without authority to render a judgment based upon such a warrant unless there appears on the instrument evidencing the indebtedness, directly above or below the space or spaces provided for the signatures of the makers, or other person authorizing the confession, in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document:
 {¶ 12} "Warning — By signing this paper you give up your right to notice and court trial. If you do not pay on time a court judgment may be taken against you without your prior knowledge and the powers of a court can be used to collect from you regardless of any claims you may have against the creditor whether for returned goods, faulty goods, failure on his part to comply with the agreement, or any other cause."
 {¶ 13} In this case, Attorney Scott Fowler properly appeared in court to answer Cherol's complaint and that the appropriate warning was contained in the note. Thus, he appeared under a proper warrant of attorney and filed an answer on Sieben's behalf. All of Sieben's arguments regarding default judgment are meritless since a default did not occur.
 Pending Civ.R. 60(B) Motion {¶ 14} Sieben's third assignment of error argues:
 {¶ 15} "The trial court erred in not ruling upon Appellant's Civ.R. 60(B) motion for relief from judgment."
 {¶ 16} Sieben moved to vacate the cognovit judgment under Civ.R. 60(B) the day it filed its notice of appeal in this case. We granted a limited remand of sixty days so the trial court could rule on the pending Civ.R. 60(B) motion. The trial court did not so rule within the time allotted. Sieben assigns the trial court's failure to rule on this motion as error. At oral argument, it further asked that we presume that the trial court denied the motion since it did not rule on it during the limited remand. We cannot take any of these actions.
 {¶ 17} First, we cannot force the trial court to rule on a pending motion in an appeal. Instead, Sieben must file a writ of procedendo to force a trial court to act. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. State ex rel. Crandall, Pheils Wisniewski v. DeCessna, 73 Ohio St.3d 180, 184, 1995-Ohio-0098. An "inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy." State exrel. Levin v. Sheffield Lake, 70 Ohio St.3d 104, 110, 1994Ohio-0385.
 {¶ 18} Second, we cannot presume that the trial court denied the pending motion simply because it did not rule on that motion within the time allowed for a limited remand. While it is true that an appellate court generally will presume that a trial court overruled a motion when it fails to rule upon the motion, see Dayton Monetary Assoc. v.Becker (1998), 126 Ohio App.3d 527, 539, this presumption only applies to pending motions which are not ruled upon when a court disposes of a case. See Shepard Grain Co. v. Creager, 160 Ohio App.3d 377,2005-Ohio-1717, at ¶ 22. A trial court cannot implicitly deny a motion simply by not taking any action. See City of Solon v. Solon BaptistTemple, Inc. (1982), 8 Ohio App.3d 347, 351-352.
 {¶ 19} Finally, even if the trial court had ruled on the Civ.R. 60(B) motion, we could not deal with that ruling in this appeal. The proper procedure for a party to obtain appellate review of the denial of a Civ.R. 60(B) motion to vacate a judgment is to file a separate notice of appeal from the denial of that motion; it cannot be challenged in the appeal arising from the original judgment. Didick v. Didick, 7th Dist. No. 01 APO 760, 2002-Ohio-5182, at ¶ 9-12. They are two separate and distinct final appealable orders which require separate notices of appeal to vest this Court with jurisdiction to review either.
 {¶ 20} We cannot force the trial court to rule on the Civ.R. 60(B) motion in a direct appeal, we cannot presume that it denied the motion when it has failed to take any action since the motion was filed, and we could not rule on the propriety of a judgment on the Civ.R. 60(B) motion in this appeal if the trial court had, in fact, actually ruled on the motion. Accordingly, Sieben's arguments within this assignment of error are meritless.
 {¶ 21} In its final assignment of error, Sieben argues:
 {¶ 22} "The trial court erred in awarding a cognovit judgment to Appellee against individuals who did not personally execute or guarantee the note in question.'
 {¶ 23} This is also not a proper subject for a direct appeal from the cognovit judgment. "The purpose of a cognovit note is to allow the holder of the note to quickly obtain judgment, without the possibility of a trial. By signing a cognovit note, a debtor relinquishes the possibility of notice, hearing or appearance at an action to collect in the event of non-repayment. To accomplish this, cognovit notes are accompanied by a warrant of attorney by which the debtor provides for the waiver of the prejudgment notice and hearing requirements." (Citations omitted) Masters Tuxedo Charleston, Inc. v. Krainock, 7th Dist. No. 02 CA 80, 2002-Ohio-5235, at ¶ 6. If a debtor disputes a cognovit judgment entered against them, the debtor may pursue redress by filing a Civ.R. 60(B) motion for relief from judgment. Id. at ¶ 7; see also, Lewandowski v. Donohue Intelligraphics, Inc. (1994),93 Ohio App.3d 430, 432. Sieben must address these issues in its Civ.R. 60(B) motion, not in a direct appeal from the cognovit judgment.
 {¶ 24} In conclusion, Sieben contends the trial court erred when it granted default judgment, but it granted cognovit judgment, not default judgment. Sieben's remaining arguments must be raised either in an action for a writ of procedendo or in an appeal from a judgment on Sieben's Civ.R. 60(B) motion.
 {¶ 25} Accordingly, Sieben's assignments of error are meritless and the judgment of the trial court is affirmed. Vukovich, J., concurs, see attached concurring opinion. Waite, J., concurs with opinion and concurring opinion.