OPINION *Page 2 
{¶ 1} Defendant-appellant William T. Webb appeals from the February 17, 2006, Judgment Entry of the Knox County Court of Common Pleas denying his Motion to Vacate a Judgment and for Sanctions, or in the Alternative Motion to Stay Collection of Judgment and from the February 17, 2006, Order of the Knox County Court of Common Pleas denying his Motion to Consolidate.
 STATEMENT OF FACTS AND LAW {¶ 2} Appellee World Tire Corporation is engaged in the business of selling tires and other automotive products at wholesale. Kidwell Tire, dba Wilfong Tire, was a customer of appellee to whom appellee from time to time sold tires and automotive products on credit.
 {¶ 3} On November 29, 2001, Kidwell Tire executed a cognovit term note promising to pay appellee $60,150.00 plus interest. The note was signed by James Wilfong.
 {¶ 4} Appellant, William Webb,[1] guaranteed the credit extended by appellee to Kidwell Tire. Two documents guaranteed this credit. The first document was a "credit guaranty" signed by appellant on October 23, 2001, in which he guaranteed prompt payment of every claim appellee may have against Kidwell Tire. The second document was an "unconditional cognovit guaranty" signed by Jack Karsten on behalf of appellant on November 29, 2001, in which appellant guaranteed payment due from Kidwell Tire to appellee specifically with respect to the aforementioned cognovit note.
 {¶ 5} Kidwell Tire later went out of business and filed for bankruptcy. *Page 3 
 {¶ 6} Two separate lawsuits arose out of the above events. The first "credit guaranty" case (Case No. 04OT120495) was filed by appellee against appellant on or about December 8, 2004. In that case, according to appellee's brief, World Tire (appellee) sought judgment against Webb (appellant) on the basis of the "credit guaranty" signed by Webb. In that case, appellee filed a motion for summary judgment, which was denied on October 19, 2005. The credit guaranty case is currently pending.[2]
 {¶ 7} The second lawsuit (Case No. 05OT110489) that arose out of the above events, and the one that gives rise to the within appeal, is the "unconditional cognovit guaranty" case. Appellee filed a complaint for cognovit judgment against appellant on November 29, 2005. Appellee, in its complaint, alleged that $44,259.54 plus interest was due and owing it from Kidwell Tire on the cognovit note and that, pursuant to the guaranty, appellant was liable for the same.
 {¶ 8} Attorney Matthew J. Rohrbacher filed an answer on behalf of appellant on November 29, 2005, that waived service and confessed judgment. This answer was filed by Attorney Rohrbacher pursuant to paragraph 14 of the unconditional cognovit guaranty, which states:
 {¶ 9} "Guarantor hereby authorizes any attorney at law to appear in any court of record in the State of Ohio after this Guaranty becomes due and payable and to waive the issuing and service of process and all other constitutional rights to due process of law, to enter an appearance to confess a judgment against Guarantor in favor of Lender for the amount then appearing due, together with costs of suit, and thereupon to release all errors and waive all rights of appeal and stays of execution. Guarantor voluntarily *Page 4 
and knowingly waives all right to notice and hearing prior to judgment being confessed against Guarantor, if Guarantor should default under the terms hereof."
 {¶ 10} The unconditional cognovit guaranty also contained the following statement: "WARNING — BY SIGNING THIS PAPER, YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME, A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR, WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON ITS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE."
 {¶ 11} Pursuant to a Cognovit Judgment filed on November 29, 2005, the trial court granted judgment in favor of appellee and against appellant on the guaranty in the amount of $44,259.54 plus interest.
 {¶ 12} Thereafter, on December 16, 2005, appellant filed a "Motion to Vacate Judgment and for Sanctions, or, in the Alternative, Motion to Stay Execution of the Judgment Rendered against William T. Webb", and a Motion to Consolidate the case sub judice with the earlier filed "credit guaranty" case. Attached to appellant's Motion to Vacate was an affidavit from Jack Karsten. The affidavit had been filed in Case No. 04OT120495, the "credit guaranty" case, and was notarized on September 8, 2005. Karsten, in his affidavit, stated in relevant part as follows:
 {¶ 13} "1. William Webb authorized me to sign a document for him. Said document was an agreement between him and World Tire Corporation. *Page 5 
 {¶ 14} "2. On behalf of William Webb, I signed the document attached to Plaintiffs Complaint as Exhibit A and attached to Plaintiffs Motion for Summary Judgment as Exhibit 2. At the time of signing the document I had power of attorney over William Webb as he was out of town on duty with the National Guard.
 {¶ 15} "3. On the day I signed the document, an officer of World Tire Corporation (Mark Krebs) arrived at my office, unannounced, and stated he had a document he needed me to sign for William Webb.
 {¶ 16} "4. Mr. Krebs indicated the document was a copy of one William Webb signed a week earlier; however, Mr. Krebs did not have this copy to show me.
 {¶ 17} "5. I expressed concerns to Mr. Krebs regarding signing this document and Mr. Krebs stated that Bill knew about the document and had authorized me to sign.
 {¶ 18} "6. I attempted to reach William Webb on his cell phone but was unsuccessful. Mr. Krebs stated it was necessary that I immediately sign the document in order for inventory to begin being shipped to Kidwell Tire Wholesale, Inc.
 {¶ 19} "7. Mr. Krebs indicated if I was still concerned with signing I could have an attorney review the document and cancel it if that was my wish. Based on Mr. Krebs representation I signed the document.
 {¶ 20} "8. I later spoke with my attorney and then called Mr. Krebs and request he cancel the agreement and return it to me."
 {¶ 21} Pursuant to an order filed on February 17, 2006, the trial court denied appellant's Motion to Consolidate. Pursuant to a Judgment Entry filed on the same date, the trial court denied appellant's Motion to Vacate Judgment and For Sanctions, or in the Alternative Motion to Stay Collection of the Judgment. *Page 6 
 {¶ 22} Appellant now appeals, asserting the following assignments of error.
 {¶ 23} "I. THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S MOTION TO VACATE THE COGNOVIT JUDGMENT.
 {¶ 24} "II. THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S MOTION TO CONSOLIDATE.
 {¶ 25} "III. THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S REQUEST TO STAY COLLECTION ON THE JUDGMENT."
 I {¶ 26} Appellant argues in his first assignment of error that the trial court erred in denying his motion to vacate the cognovit judgment rendered against him. We disagree.
 {¶ 27} Civ. R. 60(B) provides the basis upon which a party may obtain relief from judgment, and states in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party, . . . or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."
 {¶ 28} Furthermore, "a motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be *Page 7 
disturbed on appeal absent a showing of abuse of discretion."Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122, andCitibank (South Dakota), N.A. v. Stein, Fairfield App. No. 05CA71,2006-Ohio-2674 at ¶ 27. In order to find an abuse of discretion, we must determine that the trial court's decision denying appellant's motion was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
 {¶ 29} The Ohio Supreme Court interpreted Civ. R. 60(B) in the seminal case of GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113 as follows: "To prevail on his motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at 150-151.
 {¶ 30} Where the judgment sought to be vacated is a cognovit judgment, the standard set forth by GTE is modified. In such a case, the party seeking to vacate a cognovit judgment need only show that the motion to vacate was timely made and that a meritorious defense is available. See,Fifth Third Bank v. Jarrell, Franklin App. No. 04AP-358, 2005-Ohio-1260
at ¶ 11.
 {¶ 31} However, despite this modified standard, the movant is required "to allege operative facts with enough specificity to allow the trial court to decide whether a meritorious defense exists." Advanced ClinicalMgmt., Inc. v. Salem Chiropractic Ctr, Inc., Stark App. No. 2003CA00108,2004-Ohio-120 at ¶ 15 *Page 8 
 {¶ 32} The case of Rieck Mechanical Elec. Services, Inc. v.Warner (June 7, 2002), Montgomery App. No. 19078, 2002 WL 1252521, is instructive. In Rieck, the debtor sought to vacate a cognovit judgment, claiming that he had been fraudulently induced into signing the cognovit note upon which the judgment was based. The trial court overruled the debtor's motion to vacate, and the debtor appealed. The Second District Court of Appeals reversed the judgment and remanded the matter back to the trial court for an evidentiary hearing, stating:
 {¶ 33} "Courts in this state have repeatedly held that cognovit judgments present special circumstances, and `[t]he prevailing view is that relief from a judgment taken upon a cognovit note, without prior notice, is warranted by authority of Civ.R. 60(B)(5) when the movant (1) establishes a meritorious defense, (2) in a timely application.'Meyers v. McGuire (1992), 80 Ohio App.3d 644, 646, 610 N.E.2d 542. See, also, Medina Supply Co. v. Corrado (1996), 116 Ohio App.3d 847, 850-51,689 N.E.2d 600; Star Bank, N.A. v. Jackson (Dec. 1, 2000), Hamilton App. No. C 000242, at *2. Furthermore, in establishing a meritorious defense, the `movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense.' Meyers, supra, citingRose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20,520 N.E.2d 564.
 {¶ 34} "Warner has alleged that Rieck told him that the cognovit note `was merely paperwork and of no consequence and would be forgiven when the purchase of L.O. Warner, Inc. was completed.' This, if true, may be sufficient to establish a meritorious defense of fraudulent inducement under R.C. 1303.35(A)(1)(c). See Jackson, supra, at *5; Masternick v.Garrett (Dec.10, 1999), Trumbull App. No. 98-T-0126, at *2. *Page 9 
Therefore, we will remand this matter to the trial court to conduct an evidentiary hearing and to decide Warner's motion under Civ.R. 60(B)(5) as it has been discussed above."
 {¶ 35} In the case sub judice, appellant argues that Karsten was fraudulently induced into signing the unconditional cognovit guaranty upon which the cognovit judgment herein is based. As is stated above, appellant did not need to prove in his motion to vacate that he would prevail in his fraud defense. Appellant merely needed to allege operative facts with enough specificity to allow the trial court to decide whether a meritorious defense exists.
 {¶ 36} Appellant, in support of his Motion to Vacate, attached an affidavit from Jack Karsten, who had signed the cognovit guaranty on November 29, 2001 on appellant's behalf. The affidavit, as appellee notes, was not filed in the case sub judice but in the earlier case (Case No. 04OT120495). Karsten, in his affidavit, alleged that he signed a document on appellant's behalf after appellee's representatives fraudulently induced him into doing so.
 {¶ 37} Significantly, while Karsten, in his affidavit, implies that he was fraudulently induced to sign the document referred to in his affidavit, he never expressly states that he did not have Webb's authorization to do so. In short, Karsten never alleges in his affidavit that Webb did not authorize him to sign the cognovit guaranty. Nor is there an affidavit from Webb to such effect.[3] Moreover, it is unclear from Karsten's affidavit exactly what document he is referring to and when he signed the same. Karsten only vaguely refers to "a document" and "the document" without ever identifying the document to which he is referring. As noted by appellee in its brief, "[t]he only evidence offered by Webb was the Affidavit of Mr. Karsten, filed not in this case but *Page 10 
in the Credit Guaranty case, which states that Webb did not authorize Mr. Karsten to sign the Credit Guaranty."[4]
 {¶ 38} Based on the foregoing, we find that appellant, unlike the appellant in Rieck Mechanical, failed to meet his burden of alleging the existence of operative facts supporting his defenses to the cognovit guaranty. We find, therefore, that the trial court did not err in not granting appellant's Motion to Vacate the Cognovit Judgment.
 {¶ 39} Appellant's first assignment of error is, therefore, overruled
 II {¶ 40} Appellant argues in his second assignment of error that the trial court erred in denying his motion to consolidate. We disagree.
 {¶ 41} Civ. R. 42(A) addresses consolidation of civil matters, and states in pertinent part "[w]hen actions involving a common question of law or fact are pending before a court, that court after a hearing may order a joint hearing or trial of any or all the matters in issue in the actions; it may order some or all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." When ruling on a motion to consolidate filed pursuant to Civ. R. 42, a trial court has discretionary authority, and a reviewing court will not reverse a trial court's decision on such a motion absent an abuse of discretion. See, McDonnold v. McDonnold
(1994), 98 Ohio App.3d 822, 827, 649 N.E.2d 1236.
 {¶ 42} Appellant argues that because the "credit guaranty" and the "unconditional cognovit guaranty" cases have common questions of law and fact, Civ. R. 42(B) *Page 11 
required that they be consolidated, and the trial court, therefore, abused its discretion in denying his motion to consolidate.
 {¶ 43} However, we concur with appellee that the trial court did not abuse its discretion in denying the motion to consolidate because the cases involved two different types of instruments signed at different times.
 {¶ 44} The case sub judice involves a default on a cognovit note in the principal amount of $60,150.00. The note is guaranteed by an unconditional cognovit guaranty. Both the cognovit note and the cognovit guaranty contain confessions of judgment. In contrast, Case No. 04OT120495 involves the more general credit guaranty with no confession of judgment. As of November of 2005, the credit guaranty case was stayed due to the bankruptcy filing of James Wilfong. As noted by appellee, "[t]he goal of efficiency embodied under Civ.R. 42(A) would have been stymied because consolidation of the [Cognovit] Guaranty Case into the inactive Credit Guaranty Case would have in effect stayed the Cognovit Guaranty Case and would have prejudiced World Tire by further delaying the inevitable judgment against Webb."
 {¶ 45} Moreover, we note that "The very purpose of cognovit notes is to permit the note holder to obtain [quick] judgment without a trial of possible defenses which the signors of notes might assert." Fogg v.Friesner (1988), 55 Ohio App.3d 139, 140, 562 N.E.2d 937, citingHodden v. Rumsey Products, Inc. (C.A. 2, 1952), 196 F.2d 92, 96, 64 Ohio Law Abs. 568, 572. Consolidation of a complaint for cognovit judgment with other causes of action would defeat this purpose. Thus, the trial court did not abuse its discretion in denying appellant's motion to consolidate. The trial court's decision was not arbitrary, unconscionable or unreasonable. *Page 12 
 {¶ 46} Accordingly, appellant's second assignment of error is overruled.
 III {¶ 47} Appellant, in his third assignment of error, argues that the trial court erred in denying his request to stay collection on the cognovit judgment. We disagree.
 {¶ 48} Appellant, in the case sub judice, filed a Motion to Stay the Judgment against him in accordance with the Servicemembers Civil Relief Act (50 U.S.C.S. Sections 501-594).
 {¶ 49} The Servicemembers Civil Relief Act provides in Section 524 as follows:
 {¶ 50} "(a) Court action upon material affect determination. If a servicemember, in the opinion of the court, is materially affected by reason of military service in complying with a court judgment or order, the court may on its own motion and shall on application by the servicemember —
 {¶ 51} "(1) stay the execution of any judgment or order entered against the servicemember; and
 {¶ 52} "(2) vacate or stay an attachment or garnishment of property, money, or debts in the possession of the servicemember or a third party, whether before or after judgment."
 {¶ 53} Appellant, in his motion, alleged that he was activated for service on October 31, 2005, and was deployed for a minimum of 202 days on November 13, 2005. However, appellant failed to provide the trial court with any evidence, such as affidavits from appellant's superiors, supporting his assertion that he was in the military and was activated and deployed.[5] While this Court would like to give deference to *Page 13 
anyone serving in the armed forces, we cannot find that the trial court abused its discretion in this instance. The failure to obtain an accurate and current affidavit by Karsten regarding the Motion to Vacate, and the lack of any documentation as to this request for stay certainly justified the trial court's decision in this case.
 {¶ 54} Based on the foregoing, we find that the trial court did not err in denying appellant's Motion to Stay Collection of the Judgment against him.
 {¶ 55} Based on the foregoing, appellant's third assignment of error is overruled.
 {¶ 56} Accordingly, the judgment of the Knox County Court of Common Pleas is affirmed.
Wise, P.J. and Delaney, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Appellee in its complaint alleged that appellant was one of the owners of or an investor in Kidwell Tire.
[2] Appellant Webb, in his brief, alleges that a stay order was issued in such case on November 15, 2005, pending the disposition of James Wilfong's bankruptcy. Appellee, in its brief, alleges that such case was recently reactivated. We note that we do not have the file for Case No. 04OT120495.
[3] Appellant states that because of his deployment, Webb was unable to provide an affidavit.
[4] Karsten, in his affidavit, alleges that he signed a document that was attached to appellee's complaint and to appellee's Motion for Summary Judgment. The document attached to the complaint and Motion for Summary Judgment in Case No. 04OT120495, where Karsten's affidavit was originally filed, was, according to appellee, the credit guaranty, not the cognovit guaranty. In fact, Karsten's affidavit was signed before the complaint in the case sub judice, involving the cognovit guaranty, was even filed.
[5] Appellant states that, due to the circumstances of his deployment, he was not able to provide an affidavit. *Page 1