OPINION
{¶ 1} Defendant-appellant, James M. Ryan ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas on a cognovit note in favor of plaintiff-appellee, Sky Bank ("appellee"), and against appellant and his co-defendant Michael Colley ("Colley").[1]
 {¶ 2} Appellee initiated this action with a complaint filed on August 10, 2007, to enforce the cognovit provision of a note (hereinafter referred to as the "note" or "cognovit *Page 2 
note"), executed by appellant and Colley in favor of appellee. The note is secured by a mortgage upon commercial property located at 185-205 East Main Street, Columbus, Ohio. Pursuant to the cognovit provision of the note, service of process was waived and judgment was confessed on behalf of both defendants by answer filed August 10, 2007. The note purportedly bears the signature of appellant and was executed in Franklin County, Ohio. The note also contains the conspicuously worded warning required by R.C. 2323.13(D). The trial court entered judgment in favor of appellee by entry on August 17, 2007, in the amount of $324,232.80, plus interest, late fees, costs, and attorney's fees.
 {¶ 3} Though appellee filed a "Memorandum Contra to Defendant James M. Ryan's Motion to Dismiss" on September 10, 2007, the record does not reflect that a motion to dismiss was filed in the trial court. According to appellant's merit brief, though not docketed, he filed a motion to dismiss on August 23, 2007. In any event, the motion would have been filed after the trial court rendered final judgment on August 17, 2007.
 {¶ 4} Appellant filed the notice of appeal in this matter on September 14, 2007, and brings the following six assignments of error for our review:
 Assignment of Error No. 1
 THE TRIAL COURT IN FRANKLIN COUNTY COMMON PLEAS COURT CASE #07CVH-10623 DID NOT HAVE JURISDICTION OVER THE SUBJECT MATTER AND PERSONS OF JAMES M. RYAN AND MICHAEL F. COLLEY AS JURISDICTION HAD BEEN INVOKED BY PRIOR COURTS AND THEREFORE THE JUDGMENT IS VOID.
 Assignment of Error No. 2
 SKY BANK IS JUDICIALLY ESTOPPED FROM CLAIMING A JUDGMENT FOR DIFFERENT AMOUNTS IN CASE #07CVH08-10623 THAN THE AMOUNTS CLAIMED IN ITS *Page 3 
PREVIOUS CASE #06CVH01-01168 AND CASE#05CVH10-11685 AND THEREFORE THE JUDGMENT IS VOID.
 Assignment of Error No. 3
 THE TRIAL COURT'S JUDGMENT IN FRANKLIN COUNTY COMMON PLEAS CASE #07CVH08-10623 IS BARRED BY RES JUDICATA AND THEREFORE THE JUDGMENT IS VOID.
 Assignment of Error No. 4
 THE DECISION OF THE TRIAL COURT MUST BE VACATED AS THE CONDITIONS OF THE COGNOVIT PROMISSORY NOTE AND ITS INCORPORATED DOCUMENTS AND THE CONFESSION OF JUDGMENT CONTAINED THEREIN HAVE NOT BEEN MET AND THE JUDGMENT OF THE TRIAL COURT IS VOID.
 Assignment of Error No. 5
 THE TRIAL COURT ERRED IN GRANTING JUDGMENT WITHOUT REVIEWING THE MORTGAGE, THE CONSTRUCTION/PERMANENT COMMERCIAL MORTGAGE LOAN AGREEMENT, THE ADJUSTABLE RATE RIDER, THE ASSIGNMENT OF RENTS AND THE CHANGE IN TERMS AGREEMENT ALL OF WHICH WERE INCORPORATED BY REFERENCE INTO THE COGNOVIT NOTE AND THEREFORE THE JUDGMENT IS VOID.
 Assignment of Error No. 6
 THE TRIAL COURT ERRED IN ENTERING JUDGMENTS BECAUSE THE RECORD FAILS TO ESTABLISH THAT THE WARRANTS OF ATTORNEY DID NOT ARISE OUT OF A CONSUMER LOAN OR CONSUMER TRANSATION.
 {¶ 5} Appellant's first three assignments of error challenge the trial court's jurisdiction to entertain this litigation based on actions taken in other cases. Appellant's fourth and fifth assignments of error challenge the trial court's judgment based on purported changes to the note itself. All five of these assignments of error have a *Page 4 
commonality in that they rely on documents and evidence that was not filed in the trial court and, therefore, not part of the record on appeal.
 {¶ 6} App.R. 9(A) states in pertinent part, that "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases." Bank of New York v.Bartmas Family Trust, Franklin App. No. 04AP-1011, 2005-Ohio-6099, at ¶ 7. A reviewing court may not add matter to the record that was not part of the trial court's proceedings and then decide the appeal based on the new matter. McAuley v. Smith (1998), 82 Ohio St.3d 393, 396. The exhibits upon which appellant relies were not filed in the court below, and "considering appellant's exhibits for the first time on appeal would be akin to adding matter to the record that was not before the trial court, in contravention of settled authority prohibiting appellate courts from doing so." Bartmas, at ¶ 9.
 {¶ 7} While appellant takes exception to the cognovit process and attacks the fairness of the same, it is axiomatic that the purpose of a cognovit note is to allow the holder of the note to quickly obtain judgment, without the possibility of trial. World Tire Corp. v.Webb, 5th Dist. No. 06CA10, 2007-Ohio-5135; Cherol v.Sieben Investments, 7th Dist. No. 05 MA 112,2006-Ohio-7048; Ohio Carpenters' Pension Fund v. La Centre, LLC, 8th Dist. No. 86597, 2006-Ohio-2214; L M Properties Co.v. Shanker (Dec. 30, 1994), 11th Dist. No. 93-G-1827;Fogg v. Friesner (1988), 55 Ohio App.3d 139; Northern Ohio Tractor, Inc.v. Richardson (1982), 8 Ohio App.3d 171. As noted by the court inCherol, if a debtor disputes a cognovit judgment entered against him or her, the debtor may pursue redress by filing a motion for relief from judgment pursuant to Civ.R. 60(B). Such avenue *Page 5 
for relief is often particularly appropriate in matters concerning cognovit judgments due to the limited nature of the record of proceedings ordinarily associated with cognovit judgments. See, e.g.,Cherol, supra (appellant's error in rendering judgment on a cognovit note "must [be addressed] in its Civ.R. 60(B) motion, not in a direct appeal from a cognovit judgment").
 {¶ 8} In the matter before us, the record consists of the complaint, the note, an affidavit establishing default and amount, the answer confessing judgment, and the trial court's judgment entry. Appellant fails to demonstrate the claimed errors in his first through fifth assignments of error because the record is wanting with respect to his contentions. Baltimore and Ohio RR. v. Penrod (Sept. 29, 1983), 8th Dist. No. 46007 (overruling the appellant's assigned errors where none of the appellant's exhibits in support of his jurisdictional challenge were filed in the trial court prior to the court rendering judgment on the cognovit note). Accordingly, we overrule appellant's first five stated assignments of error.
 {¶ 9} In his sixth assignment of error appellant contends there is no evidence to establish this matter involves a commercial loan rather than a consumer loan, and therefore, it was error for the trial court to grant judgment based on the evidence before it. R.C. 2323.12 and 2323.13
govern the trial court's jurisdiction over cognovits. All of the requirements of R.C. 2323.12 and 2323.13 must be met in order for a valid judgment to be granted upon a cognovit note or for a court to have subject-matter jurisdiction over the same. Taranto v. Wan-Noor (May 15, 1990), 10th Dist. No. 90AP-1. R.C. 2323.12, provides, in part:
 A person indebted, or against whom a cause of action exists, may personally appear in a court of competent jurisdiction, *Page 6 
and, with the assent of the creditor, or person having such cause of action, confess judgment; whereupon judgment shall be entered accordingly.
 {¶ 10} R.C. 2323.13, provides, in part:
 (A) An attorney who confesses judgment in a case, at the time of making such confession, must produce the warrant of attorney for making it to the court before which he makes the confession. * * * [j]udgment may be confessed in any court in the county where the maker or any of several makers resides or signed the warrant of attorney. * * *
 * * *
 (D) A warrant of attorney to confess judgment contained in any promissory note, bond, security agreement, lease, contract, or other evidence of indebtedness executed on or after January 1, 1974, is invalid and the courts are without authority to render a judgment based upon such a warrant unless there appears on the instrument evidencing the indebtedness, directly above or below the space or spaces provided for the signature of the makers, or other person authorizing the confession, in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document:
 "Warning — By signing this paper you give up your right to notice and court trial. If you do not pay on time a court judgment may be taken against you without your prior knowledge and the powers of a court can be used to collect from you regardless of any claims you may have against the creditor whether for returned goods, faulty goods, failure on his part to comply with the agreement, or any other cause."
 (E) A warrant of attorney to confess judgment contained in any instrument executed on or after January 1, 1974, arising out of a consumer loan or consumer transaction, is invalid and the court shall have no jurisdiction to render a judgment based upon such a warrant. An action founded upon an instrument arising out of a consumer loan or a consumer transaction as defined in this section is commenced by the filing of a complaint as in any ordinary civil action. *Page 7 
 {¶ 11} Despite appellant's protestations to the contrary, both the complaint and the answer confessing judgment assert the loan was made for commercial purposes. Upon review of the record, we find the documents to be valid on their face. As such, we find the trial court did not err in following the mandate of R.C. 2323.12, which requires that in such circumstance "judgment shall be rendered accordingly." Consequently, we overrule appellant's sixth assignment of error.
 {¶ 12} For the foregoing reasons, appellant's six assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BRYANT and SADLER, JJ., concur.
[1] Though judgment was rendered against both defendants, only appellant has filed an appeal in this matter. *Page 1