{¶ 1} Defendants-appellants, 4060 Sullivant Ltd., Douglas K. Abel ("Abel"), and Charles A. Koenig ("Koenig") (collectively "appellants"), appeal from the judgment of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Heartland Bank ("appellee"). For the following reasons, we affirm.
 {¶ 2} Appellee initiated this action with a complaint filed on February 6, 2008, seeking to enforce the cognovit provisions of three notes and two personal guarantees. The first note ("Note A") was executed by appellants in October 1997 and was modified four times thereafter, the most recent of which was executed on June 29, 2007 ("Fourth *Page 2 
Modification").[1] The second note ("Note B") was executed on June 22, 1998, and went through several modifications as well, the last of which was on June 29, 2007 ("Fifth Modification"). The third note ("Note C") was executed by appellants on June 29, 2007. In addition to the three cognovits (collectively "the Notes"), Abel and Koenig, as individuals, executed and delivered to appellee an unconditional guaranty of payment and performance ("guarantees"). On February 6, 2008, pursuant to the cognovit provisions contained in the foregoing documents, Walter W. Messenger, Esq. ("Messenger") filed an answer on behalf of appellants, waiving service of process and confessing judgment. The trial court entered judgment in favor of appellee by entry on February 7, 2008, in the amount of $1,003,247.22, plus interest, late fees, costs, and attorney's fees.
 {¶ 3} Appellants appealed and assert the following three assignments of error for our review:
 Assignment of Error No. 1
 The Trial Court erred in granting judgment on a promissory note based on its finding that the attorney who confessed judgment did so by virtue of a warrant of attorney, when the record is devoid of any evidence that said promissory note contained the warrant of attorney language mandated by O.R.C, Section 2323.13.
 Assignment of Error No. 2
 The Trial Court erred in granting judgment on cognovit promissory notes over which the court lacked subject matter jurisdiction.
 Assignment of Error No. 3
 The Trial Court erred in granting judgment in favor of Plaintiff on loan documents which do not comport with the mandatory requirements of O.R.C. Section 2323.13(D). *Page 3 
 {¶ 4} We will address appellants' assignments of error together as they are interrelated. The gist of appellants' argument is that Messenger's representation to the trial court that Note A contained a warrant of attorney was false, and this false misrepresentation erroneously induced the trial court into entering judgment against them. Although appellants concede that a warrant of attorney is contained in the document that modified Note A (the Fourth Modification), they contend that fact is irrelevant because: (1) the confessed judgment does not include the Fourth Modification; and (2) the Fourth Modification fails to comply with R.C. 2323.13(D) in that it does not "evidence the indebtedness for which judgment is sought." (Appellants' brief at 9.)
 {¶ 5} The purpose of a cognovit note is to allow the holder of the note to quickly obtain judgment, without the possibility of trial.Sky Bank v. Colley, Franklin App. No. 07AP-751, 2008-Ohio-1214;World Tire Corp. v. Webb, Knox App. No. 06CA10, 2007-Ohio-5135;Cherol v. Sieben Investments, Mahoning App. No. 05 MA 112,2006-Ohio-7048; Ohio Carpenters' Pension Fund v. La Centre, LLC, Cuyahoga App. No. 86597, 2006-Ohio-2214; Fogg v. Friesner (1988), 55 Ohio App.3d 139; Northern Ohio Tractor, Inc. v. Richardson (1982), 8 Ohio App.3d 171. As noted by the court in Cherol, if a debtor disputes a cognovit judgment entered against him or her, the debtor may pursue redress by filing a motion for relief from judgment pursuant to Civ. R. 60(B). Cherol, supra, at ¶ 23 (appellant's error in rendering judgment on a cognovit note "must [be addressed] in its Civ. R. 60(B) motion, not in a direct appeal from a cognovit judgment"). Such avenue for relief is often particularly appropriate in matters concerning cognovit judgments due to the limited nature of the record of proceedings ordinarily associated with cognovit judgments. Sky Bank, supra, at ¶ 7, citingCherol, supra, at ¶ 23 (appellant's error in rendering *Page 4 
judgment on a cognovit note "must [be addressed] in its Civ. R. 60(B) motion, not in a direct appeal from a cognovit judgment"). Given that resolution of this appeal only requires consideration of that which was attached to the complaint and confession of judgment, we will assume, without deciding, that appellants' direct appeal is the proper method by which to challenge the judgment entered against them.
 {¶ 6} All of the requirements of R.C. 2323.12 and 2323.13 must be met in order for a valid judgment to be granted upon a cognovit note or for a court to have subject-matter jurisdiction over the same. Taranto v.Wan-Noor (May 15, 1990), Franklin App. No. 90AP-1. R.C. 2323.12
provides, in part:
 A person indebted, or against whom a cause of action exists, may personally appear in a court of competent jurisdiction, and, with the assent of the creditor, or person having such cause of action, confess judgment; whereupon judgment shall be entered accordingly.
R.C. 2323.13 provides, in pertinent part:
 (A) An attorney who confesses judgment in a case, at the time of making such confession, must produce the warrant of attorney for making it to the court before which he makes the confession. * * * [j]udgment may be confessed in any court in the county where the maker or any of several makers resides or signed the warrant of attorney. * * *
 * * *
 (D) A warrant of attorney to confess judgment contained in any promissory note, bond, security agreement, lease, contract, or other evidence of indebtedness executed on or after January 1, 1974, is invalid and the courts are without authority to render a judgment based upon such a warrant unless there appears on the instrument evidencing the indebtedness, directly above or below the space or spaces provided for the signature of the makers, or other person authorizing the confession, in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document: *Page 5 
 "Warning — By signing this paper you give up your right to notice and court trial. If you do not pay on time a court judgment may be taken against you without your prior knowledge and the powers of a court can be used to collect from you regardless of any claims you may have against the creditor whether for returned goods, faulty goods, failure on his part to comply with the agreement, or any other cause."
 (E) A warrant of attorney to confess judgment contained in any instrument executed on or after January 1, 1974, arising out of a consumer loan or consumer transaction, is invalid and the court shall have no jurisdiction to render a judgment based upon such a warrant. An action founded upon an instrument arising out of a consumer loan or a consumer transaction as defined in this section is commenced by the filing of a complaint as in any ordinary civil action.
 {¶ 7} Upon review of the record, we do not find the trial court erred in entering judgment against appellants. While Note A does not contain a warrant of attorney, the Fourth Modification, which was attached as Exhibit B to both the complaint and the answer that confessed judgment, does, in fact, comply with R.C. 2323.13. As such, we find the trial court did not err in following the mandate of R.C. 2323.12, which requires that in such circumstance, "judgment shall be rendered accordingly." Consequently, we overrule appellants' three assignments of error.
 {¶ 8} For the foregoing reasons, appellants' three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 FRENCH and T. BRYANT, JJ., concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Note A does not contain the conspicuously worded warning required by R.C. 2323.13(D), but such language is contained in the modifications made to Note A. *Page 1