OPINION
{¶ 1} Defendant-appellant, Robert T. Burda, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to vacate a judgment entered in favor of plaintiff-appellee, The Huntington National Bank ("Huntington"). For the following reasons, we affirm.
 {¶ 2} On September 9, 2004, Burda borrowed $252,000 from Sky Bank ("Sky") and executed a promissory note in which he agreed to repay Sky the amount he *Page 2 
borrowed, plus interest. On September 21, 2004, Burda borrowed an additional $164,640 from Sky. That same day, Burda executed two different promissory notes, one promising to repay Sky $81,120, plus interest, and the other promising to repay Sky $83,520, plus interest.
 {¶ 3} All three promissory notes included a warrant of attorney, in which Burda authorized any attorney to appear on his behalf in a trial court and confess judgment against him for the unpaid amount of the promissory note. Additionally, all three notes contained the following:
 NOTICE: FOR THIS NOTICE "YOU" MEANS THE BORROWER AND "CREDITOR" AND "HIS" MEANS LENDER.
 WARNING — BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE.
 {¶ 4} On December 20, 2007, Huntington, the successor by merger to Sky, filed a complaint seeking a judgment against Burda pursuant to the warrants of attorney. Huntington also filed an answer on Burda's behalf that admitted all the allegations in the complaint and confessed judgment in Huntington's favor. On December 21, 2007, the trial court issued a judgment entry awarding Huntington damages for the unpaid amounts on each of the three promissory notes, as well as all interest, costs, fees, and expenses that accrued from December 14, 2007 until Burda paid the judgment in full. *Page 3 
 {¶ 5} Six months after the trial court entered judgment against him, Burda filed a motion to vacate that judgment. Burda argued that the trial court lacked authority to enter judgment against him because the three promissory notes did not comply with R.C. 2323.13(D). On July 7, 2008, the trial court issued a decision and entry denying Burda's motion.
 {¶ 6} Burda now appeals from the July 7, 2008 judgment and assigns the following errors:
 [1.] THE TRIAL COURT ERRED AS A MATTER OF LAW IN ENTERING THE DECEMBER 21, 2007 COGNOVIT JUDGMENT BECAUSE THERE WAS AN ABSENCE OF JURISDICTION.
 [2] THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO VACATE THE DECEMBER 21, 2007 COGNOVIT JUDGMENT.
 [3] THE TRIAL COURT ERRED IN ENTERING THE DECEMBER 21, 2007 JUDGMENT BECAUSE IT WAS INVALID.
 {¶ 7} Because they are interrelated, we will address Burda's first and second assignments of error together. By these two assignments of error, Burda argues that because the trial court lacked subject matter jurisdiction when it rendered the December 21, 2007 judgment, it erred in denying his motion to vacate that judgment. Burda asserts that the promissory notes' failure to comply with the requirements of R.C. 2323.13(D) divested the trial court of jurisdiction to enter a cognovit judgment on the notes. Based upon his premise that the trial court entered judgment without jurisdiction, Burda contends that the December 21, 2007 judgment is void and must be vacated. We disagree. *Page 4 
 {¶ 8} A promissory note that contains a warrant of attorney is a cognovit note. D.H. Overmyer Co., Inc. v. Frick Co. (1972),405 U.S. 174, 176, 92 S.Ct. 775, 777 fn.1 (stating that a cognovit note, unlike an ordinary note, "authorizes an attorney to confess judgment against the person or persons signing it"). A cognovit note allows a holder of the note to obtain judgment without a trial and without consideration of possible defenses that the signer of the note might assert. Id. at 177,92 S.Ct. at 778.
 {¶ 9} A trial court does not have subject matter jurisdiction to enter judgment on a cognovit note unless the party seeking the judgment complies with all of the requirements of R.C. 2323.13. Heartland Bank v.4060 Sullivant, Ltd., 10th Dist. No. 08AP-226, 2008-Ohio-5495, ¶ 6;Sky Bank v. Colley, 10th Dist. No. 07AP-751, 2008-Ohio-1217, ¶ 9. "A judgment rendered by a court lacking subject matter jurisdiction is voidab initio." Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus. See also Shore West Constr. Co. v. Sroka (1991),61 Ohio St.3d 45, 48-49 (holding that deviation from a R.C. 2323.13
requirement made a judgment entered on a cognovit note void);Lathrem v. Foreman (1958), 168 Ohio St. 186, 190 (same). To challenge such a judgment, a party must file a motion requesting that the trial court invoke its inherent power to vacate void judgments.Patton, at 70. The existence of subject matter jurisdiction is a question of law, which appellate courts review de novo. Parrish v. OhioReal Estate Comm., 10th Dist. No. 05AP-313, 2005-Ohio-6375, ¶ 12.
 {¶ 10} R.C. 2323.13(D) provides that:
 A warrant of attorney to confess judgment contained in any promissory note * * * executed on or after January 1, 1974, is invalid and the courts are without authority to render a judgment based upon such a warrant unless there appears on the instrument evidencing the indebtedness, directly above or below the space or spaces provided for the signature of the *Page 5 
makers, or other person authorizing the confession, in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document:
 "Warning — By signing this paper you give up your right to notice and court trial. If you do not pay on time a court judgment may be taken against you without your prior knowledge and the powers of a court can be used to collect from you regardless of any claims you may have against the creditor whether for returned goods, faulty goods, failure on his part to comply with the agreement, or any other cause."
Here, Burda argues that the promissory notes violate R.C. 2323.13(D) for two reasons: (1) the warning is not the most clear and conspicuous part of the promissory notes, and (2) additional language modifies the warning. We do not find merit in either argument.
 {¶ 11} To comport with R.C. 2323.13(D), the statutorily-required warning must appear "in such type size or distinctive marking" that it is "more clear[] and conspicuous[] than anything else on the document." In creating a warning that appears more clearly and conspicuously than anything else, a drafter of a cognovit note may employ multiple methods — capitalization, italicization, underlining, bolding, framing the warning with a border, or a distinctive type style. See RichfieldPurchasing, Inc. v. Highpoint Truck Terminals, Inc., 8th Dist. No. 86056, 2005-Ohio-6348, ¶ 8 (warning entirely capitalized and the only paragraph not indented); Medina Supply Co. v. Corrado (1996),116 Ohio App.3d 847, 851 (warning was the only paragraph set off entirely in capital letters); Couris v. Graham (Dec. 19, 1983), 5th Dist. No. CA-6226 (warning separated from other language by a wide margin and framed with a black line); BancOhio Natl. Bank v. Ponn Enterprises (Nov. 9, 1981), 4th Dist. No. 354 (warning italicized and surrounded by a bold, black border); City Natl. Bank Trust Co. v. Smith Food Servs.,Inc. (Mar. 6, 1980), 10th Dist. No. 79AP-346 (the word "warning" appeared in bolder type than any other word, the text *Page 6 
of the warning appeared in a different, bolder type style, and a "dark black border set[] the warning off in such a manner that only a person with very, very poor eyesight would not see it"). Notably, a drafter need not go so far as to use "flashing neon light." Medina, at 852.
 {¶ 12} In the case at bar, the warning is the only paragraph in the promissory notes that is formed entirely of bolded, capitalized words and surrounded by a black box. Moreover, the warning appears in a larger type size than the majority of the other text in the promissory notes. We conclude that, in combination, the use of bolding, capitalization, type size, and a black box make the warning the most clear and conspicuous part of the promissory notes.
 {¶ 13} Burda, however, argues that the words "Sky Bank," which appear on the top of the first page of each promissory note, are more clear and conspicuous than the statutorily-required warning. Both the large type size and boldness of the font give the words "Sky Bank" prominence. Nevertheless, we conclude that the warning is more clear and conspicuous, particularly because it — unlike the words "Sky Bank" — is enclosed in a box with thick black margins.
 {¶ 14} Next, Burda argues that the promissory notes violate R.C. 2323.13(D) because they include additional language that modifies the warning. "`Confession of judgment is entirely a statutory measure and must meet the requirements thereof strictly.'" Lathrem, at 188, quotingKeyes v. Peterson (1935), 194 Minn. 361, 364. Applying this principle, at least two Ohio appellate courts have reversed judgments entered on cognovit notes because the notes did not include a verbatim recitation of the statutory warning. Bank One, Youngstown, N.A. v. Salem ChinaCo. (May 16, 1990), *Page 7 
7th Dist. No. 89-C-27; Central Trust Co. of Northeastern Ohio, N.A. v.Hutcheson (Oct. 13, 1987), 5th Dist. No. CA-7104, overruled on other grounds by Gardner v. Kines (Jan. 27, 1992), 5th Dist. No. CA-8674. But see N. Olmsted Lumber Co. v. Palmetto Homes, Inc. (June 12, 1980), 8th Dist. No. 41802 (affirming a cognovit judgment despite additional language in the warning because the added language "was mere surplusage which resulted in no prejudice to the appellant").
 {¶ 15} Unlike the cognovit notes at issue in Bank One, Youngstown,N.A. or Hutcheson, the promissory notes Burda signed repeat the statutorily-required warning word-for-word. Burda complains, however, that the notes violate R.C. 2323.13(D) because an additional sentence appears above the warning. Although included in the black box with the warning, the additional sentence is separated from the warning by a space and the use of smaller, regular (not bold) type. Because the additional sentence is not incorporated into the warning, it does not modify the warning. Therefore, we conclude that the promissory notes comply with the statutory requirement that they include the exact warning set forth in R.C. 2323.13(D).
 {¶ 16} As the promissory notes contain a warning that meets the R.C. 2323.13(D) mandate, the trial court had jurisdiction to enter a cognovit judgment on the notes. Consequently, the December 21, 2007 judgment is not void, and the trial court properly denied Burda's motion to vacate. We, accordingly, overrule Burda's first and second assignments of error.
 {¶ 17} By Burda's third assignment of error, he argues that the December 21, 2007 judgment is invalid because the terms of the promissory notes do not support it. Burda points out that the promissory notes identify Sky as the entity entitled to repayment, but *Page 8 
the trial court entered judgment in favor of Huntington. Because nothing in the notes or record establishes Huntington as the holder of the notes, Burda maintains that the trial court erred in rendering a cognovit judgment in Huntington's favor.
 {¶ 18} Burda did not raise this argument in the trial court. "`Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed.'" State ex rel.Ohio Civ. Serv. Emp. Assn., AFSCME, Loc. 11, AFL-CIO v. State Emp.Relations Bd., 104 Ohio St.3d 122, 2004-Ohio-6363, ¶ 10, quotingState ex rel. Quarto Mining Co. v. Foreman, 79 Ohio St.3d 78, 81,1997-Ohio-71. Applying this rule, Burda waived the argument underlying his third assignment of error.
 {¶ 19} Apparently recognizing the bar that the waiver doctrine imposed, Burda advanced a different argument in his reply brief. For the first time, Burda argued that the judgment was void because the promissory notes did not facially support the judgment. By claiming that the judgment was void, rather than invalid, Burda argued that he raised this issue below when he challenged the trial court's subject matter jurisdiction.
 {¶ 20} Notably, a void judgment is distinct from a judgment that is merely invalid, irregular, or erroneous. State v. Simpkins,117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 12. Generally, a void judgment is a judgment imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. Id. "`The mere fact of wrongly deciding a case does not render the court's judgment void, nor does the error retroactively operate to deprive the court of subject matter jurisdiction in the first instance.'" DAgnese v. Holleran, 8th Dist. No. 83367, 2004-Ohio-1795, at 30, quoting O'Connor v. O'Connor (June 3, 1985), 5th Dist. No. CA-765. See also Bank One, Columbus, N.A. v.Western Ohio Servs., Inc. (Oct. 12, 1989), 10th Dist. No. 89AP-394 (refusing to address *Page 9 
deficiencies that potentially made a cognovit judgment invalid, not void, when the appellant appealed from a denial of a motion to vacate; a motion the appellant used solely to attack the judgment as void).
 {¶ 21} Here, however, Burda ignores the fact that in his third assignment of error, he contends that the trial court erred in rendering an invalid, not void, judgment. This court rules on assignments of error, not mere arguments. App. R. 12(A)(1)(b) (stating that "a court of appeals shall * * * [d]etermine the appeal on its merits on the assignments of error set forth in the briefs"); Williams v.Barrick, 10th Dist. No. 08AP-133, 2008-Ohio-4592, ¶ 28 (holding that appellate courts "rule[] on assignments of error only, and will not address mere arguments"). Because Burda challenged only the validity of the judgment in his assignment of error, we will consider that question alone. Addressing the error assigned, we conclude that Burda waived the argument that the judgment is invalid because the promissory notes do not facially support the judgment. Accordingly, we overrule Burda's third assignment of error.
 {¶ 22} For the foregoing reasons, we overrule Burda's assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
FRENCH, P.J., and BRYANT, J., concur. *Page 1