SADLER, J., dissenting.
 

 {¶ 29} Because I believe the majority has addressed an issue not raised or preserved by appellant on appeal, I respectfully dissent.
 

 {¶ 30} "This court rules on assignments of error, not mere arguments."
 
 Huntington Natl. Bank v. Burda
 
 , 10th Dist. No. 08AP-658,
 
 2009-Ohio-1752
 
 ,
 
 2009 WL 989127
 
 , ¶ 21, quoting App.R. 12(A)(1)(b) (stating that " 'a court of appeals shall * * * [d]etermine the appeal on its merits
 on the assignments of error set forth in the briefs' ");
 
 Williams v. Barrick
 
 , 10th Dist. No. 08AP-133,
 
 2008-Ohio-4592
 
 ,
 
 2008 WL 4174146
 
 , ¶ 28 (holding that appellate courts "rule[ ] on assignments of error only, and will not address mere arguments").
 

 {¶ 31} After finding that the identity of the owner of the stolen property is not an element of the offense, the majority reverses appellant's theft conviction finding that appellant suffered "sufficient prejudice to warrant reversal of her conviction." (Majority Decision at ¶ 27.) This stated basis for reversal and discussion of Crim.R. 33 does not address an issue preserved or argued on appeal by appellant. Simply put, appellant did not file a motion for a new trial in the trial court, and this is not an appeal from a trial court decision denying a motion for new trial. Appellant does not argue in her first or second assignments of error that she was prejudiced by a variance between the allegations in the indictment and the proof at trial, nor does appellant cite Crim.R. 33 as a basis for this appeal.
 

 {¶ 32} Because appellant's first and second assignments of error challenge only the sufficiency of the evidence and the appropriateness of the court's overruling of appellant's motion for acquittal, I would consider only these questions when ruling on those assignments of error.
 

 {¶ 33} Accordingly, I would address fully appellant's three assignments of error. Because the majority does not, I respectfully dissent.