OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Plaintiff-Appellant, William Yerkey, appeals the decision of the Mahoning County Court of Common Pleas that granted summary judgment to Defendant-Appellee, Terry Reichenbach. On appeal, Yerkey argues the trial court erred by not granting his Civ.R. 60(B) motion for relief from the order granting summary judgment. However, Yerkey has not appealed from that judgment. Instead, he appealed from the judgment he sought to vacate. In order to challenge the trial court's decision denying Civ.R. 60(B) relief, Yerkey must file a timely notice of appeal from that decision. Since Yerkey has not assigned any error to the judgment he has appealed from, that judgment is affirmed.
 {¶ 2} On June 22, 2003, Yerkey was injured in an automobile accident caused by Betty Reichenbach. Believing that Terry Reichenbach owned the vehicle which Betty Richenbach was driving at the time of the accident, Yerkey brought an action against Terry Reichenbach on June 17, 2005, claiming that Terry had negligently entrusted his vehicle to Betty.
 {¶ 3} On June 13, 2006, Reichenbach moved for summary judgment, arguing that he had sold the automobile involved in the accident to Betty three days before the accident and, therefore, he could not be liable for negligent entrustment. Yerkey never responded to Reichenbach's motion, which was granted by the trial court on July 18, 2006.
 {¶ 4} Yerkey timely appealed from the trial court's decision on August 17, 2006, instituting the present appeal. That same day, he moved for relief from judgment from the trial court's July 18th entry. According to Yerkey, the trial court ruled on his motion on September 27, 2006, but that judgment is not contained in the record of this appeal. More important, a timely appeal was not filed from that judgment.
 {¶ 5} Yerkey's sole assignment of error on appeal argues:
 {¶ 6} "Whether the trial court erred in ruling that the failure of Appellant's counsel to respond to Appellee's motion for summary judgment did not constitute excusable neglect pursuant to Rule 60(B)(1) of the Ohio Rules of Civil Procedure and whether the *Page 2 
trial court erred in denying Appellant's Rule 60(B)(1) motion for relief from judgment."
 {¶ 7} This assignment of error does not challenge the trial court's July 18th order granting judgment to Reichenbach. Instead, it challenges the later decision denying Civ.R. 60(B) relief from the July 18th judgment.
 {¶ 8} We have repeatedly held that a judgment granting or denying Civ.R. 60(B) relief is separate and distinct from the order toward which the Civ.R. 60(B) motion was directed. See Cherol v. SeibenInvests., 7th Dist. No. 05 MA 112, 2006-Ohio-7048; Didick v.Didick, 7th Dist. No. 01 APO 760, 2002-Ohio-5182. "The proper procedure for a party to obtain appellate review of the denial of a Civ.R. 60(B) motion to vacate a judgment is to file a separate notice of appeal from the denial of that motion; it cannot be challenged in the appeal arising from the original judgment." Cherol at ¶ 19. We do not have jurisdiction to hear arguments about the denial of a Civ.R. 60(B) motion in a direct appeal from the trial court's original judgment. Didick at ¶ 12.
 {¶ 9} None of the arguments in Yerkey's brief are directed at the order which is the subject of this appeal. Instead, they are all directed at the trial court's decision denying Civ.R. 60(B) relief. We do not have jurisdiction to address those issues in this appeal. Accordingly, the judgment of the trial court is affirmed.
Vukovich, J., concurs.
 Waite, J., concurs. *Page 1