{¶ 1} Appellants, Rita and Melvin Brooks, appeal from the judgment of the Cuyahoga County Court of Common Pleas that (1) granted the motion of appellee Home Pride House Inspections, Inc. ("Home Pride") to dismiss the complaint for failure to prosecute; and (2) granted appellee Ruth Merchant's motion for summary judgment. For the reasons stated herein, we affirm.
 I {¶ 2} In order to address the issues presented in this appeal, a detailed review of the procedural history of this case is required.
 {¶ 3} Appellants filed their complaint on December 3, 2004, raising claims of breach of contract, fraudulent misrepresentation, deceit by reason of concealment, unjust enrichment, conversion and negligence. Appellants alleged that they purchased a home from Merchant that was infested with termites and had structural damage, and that these latent defects were not disclosed by Merchant or Home Pride during the general home inspection.
 {¶ 4} On January 24, 2005, Home Pride filed a motion to dismiss the complaint or stay the proceedings and compel arbitration. The trial court denied dismissal of the complaint, but granted the motion to stay proceedings and compel arbitration. However, appellants failed to take any steps to initiate the arbitration process. *Page 4 
 {¶ 5} On March 16, 2006, Home Pride filed a motion to dismiss the complaint for failure to prosecute. On March 20, 2006, Merchant also filed a motion to dismiss for failure to prosecute. Appellants opposed the motions, indicating that they were actively proceeding with the discovery process.
 {¶ 6} Thereafter, the trial court held a pretrial at which it set a discovery cutoff and dispositive motion deadline. The trial court also denied the motions to dismiss for want of prosecution.
 {¶ 7} On August 21, 2006, Merchant filed a motion to compel discovery and for sanctions against appellants, indicating that they had failed to respond to Merchant's discovery requests. On September 28, 2006, Merchant filed a motion for summary judgment against appellants. On November 3, 2006, Home Pride filed a motion to compel discovery against the appellants.
 {¶ 8} The trial court granted the motions to compel discovery. The trial court specifically instructed appellants to respond to Home Pride's requests before November 30, 2006, and indicated that the failure to respond could result in sanctions or dismissal of the action. The trial court also issued an order indicating that the appellants were to file their brief in opposition to Merchant's motion for summary judgment on or before January 5, 2007.
 {¶ 9} Appellants failed to take any action, and on January 8, 2007, Home Pride filed a motion to dismiss the complaint. The trial court granted both Home Pride's motion to dismiss and Merchant's motion for summary judgment. *Page 5 
 {¶ 10} Appellants filed a motion to vacate the trial court's rulings. Appellants also filed a timely notice of appeal from the court's rulings. This court granted a limited remand to the trial court to allow the court to rule on the motion to vacate. The trial court did not rule on the motion to vacate during the first limited remand. As a result, this court issued a second limited remand for the trial court to rule on the motion. During the second limited remand, the trial court denied the motion to vacate.
 {¶ 11} The matter is now before us for review.
 II {¶ 12} Initially, we recognize that the notice of appeal was taken from the trial court's rulings that granted Home Pride's motion to dismiss and granted Merchant's motion for summary judgment. As this appeal was properly taken from those rulings, we shall address them herein.
 {¶ 13} However, appellants' brief raises challenges with respect to the motion to vacate. This motion was denied by the trial court after the appeal was filed herein, and upon the second limited remand. This motion is not properly before us on this appeal, as a separate notice of appeal must be filed with respect to that ruling. Indeed, "a judgment granting or denying Civ.R. 60(B) relief is separate and distinct from the order toward which the Civ.R. 60(B) motion was directed. SeeCherol v. Sieben Invests., 7th Dist. No. 05 MA 112, 2006-Ohio-7048;Didick v. Didick, 7th Dist. No. 01 APO 760, 2002-Ohio-5182. `The proper procedure for a party to obtain *Page 6 
appellate review of the denial of a Civ.R. 60(B) motion to vacate a judgment is to file a separate notice of appeal from the denial of that motion; it cannot be challenged in the appeal arising from the original judgment.' Cherol at P19. We do not have jurisdiction to hear arguments about the denial of a Civ.R. 60(B) motion in a direct appeal from the trial court's original judgment. Didick at P12." Yerkey v.Reichenbach, Mahoning App. No. 06 MA 127, 2007-Ohio-2757.
 {¶ 14} Accordingly, we shall proceed to address the issues raised by appellants that challenge the trial court's dismissal and summary judgment rulings.
 III {¶ 15} Appellants claim that both Merchant's motion for summary judgment and Home Pride's motion to dismiss went unopposed because they were sent to the former address of plaintiffs-appellants' counsel. Appellants state that the motions were granted as unopposed. Appellants also state that given the issues in the underlying case, summary judgment was not proper. With respect to the motion to dismiss, appellants argue that they did, in fact, respond to appellees' discovery, albeit untimely, and that the dismissal for failure to prosecute was a harsh result.
 {¶ 16} We are unpersuaded by appellants' argument that they were unaware of the pending motions. Even if the motions were sent to the improper address, the record clearly reflects that the trial court issued orders to appellants instructing them to (1) file a brief in opposition to the motion for summary judgment, and (2) respond to the discovery requests by a certain date or risk having the matter dismissed. *Page 7 
These orders would have been sent to the address on file with the court for appellants' trial counsel, and appellants do not dispute having received these orders. The failure of appellants to provide requested discovery, to respond to the opposing parties' motions, and to take timely action in response to the court orders amounted to a lack of prosecution.
 {¶ 17} The power to dismiss an action for lack of prosecution, pursuant to Civ.R. 41(B)(1), is within the sound discretion of the trial court. Sgro v. McDonald's Restaurant (1984), 21 Ohio App.3d 41, 42. An appellate court will reverse such a determination only when a trial court has abused its discretion. Id. An abuse of discretion is more than simply and error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Under the circumstances of this case, we find no abuse of discretion in the trial court's determination to grant Home Pride's motion to dismiss for lack of prosecution.
 {¶ 18} Next, we consider the trial court's decision to grant Merchant's motion for summary judgment. This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga Cty.Community College, 150 Ohio App.3d 169, 2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and *Page 8 
viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v.Lakewood Police Dept, 99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citingState ex rel. Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190,191, 1996-Ohio-326.
 {¶ 19} In support of its motion for summary judgment, Merchant submitted evidence reflecting, in pertinent part, that (1) appellant Rita Brooks, the buyer, accepted the property in its "as is condition" pursuant to the purchase agreement; (2) she opted to have a private home inspection that did not discover or report any termite infestation; (3) she opted not to have a termite/pest inspection and waived such an inspection pursuant to the terms of the purchase agreement; (4) Merchant provided copies of pest control work done by ORKIN for bees and ants, which inspections did not indicate any termite infestations; (5) Merchant disclosed on the residential property disclosure form that she was not occupying the property; (6) Merchant agreed to do all point-of-sale repairs cited by the City of Bedford Heights, and the workman did not indicate any findings of termite infestations; (7) as a condition of title transfer, Rita Brooks required a walk-through inspection three days prior to closing, whereby she accepted the property in its "as is condition"; and (8) Rita Brooks contacted Merchant approximately eight months after the title transfer about a termite infestation. Also, despite making a claim of fraudulent misrepresentation, appellants failed to set forth any specific misrepresentations concerning the condition of the subject property. *Page 9 
 {¶ 20} The party moving for summary judgment has the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Zivich v. Mentor Soccer Club,Inc., 82 Ohio St.3d 367, 370, 1998-Ohio-389. If the party requesting summary judgment presents evidence showing they are entitled to judgment as a matter of law, the nonmoving party must then present evidence showing a dispute of material fact. Dresher v. Burt, 75 Ohio St.3d 280,293, 1996-Ohio-107.
 {¶ 21} In this case, Merchant presented evidence showing that she was entitled to summary judgment. Appellants failed to oppose the motion, and there is no evidence in the record to establish a genuine issue of material fact on any of appellants' claims. Accordingly, we find that summary judgment was properly granted.
 {¶ 22} Appellants' assignment of error and issues presented are overruled.
Judgment affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 10 
 MARY EILEEN KILBANE, J., and CHRISTINE T. McMONAGLE, J., CONCUR *Page 1