[Cite as *Vanderbilt Mtge. & Fin., Inc. v. Lloyd*, 2011-Ohio-4615.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| VANDERBILT MORTGAGE AND FINANCE, INC. | JUDGES: Hon. W. Scott Gwin, P. J. Hon. John W. Wise, J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 10 CA 24 |
| WESLEY R. LLOYD | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Civil Appeal from the Court of Common
                                                          Pleas, Case No.  10 CV 13


JUDGMENT:                                          Affirmed


DATE OF JUDGMENT ENTRY:          September 14, 2011


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

ROBERT K. HOGAN                        WESLEY R. LLOYD
JAVITCH, BLOCK & RATHBONE      PRO SE
602 Main Street, Suite 500              4091 County Road 52
Cincinnati, Ohio  45202                    Glenmont, Ohio  44628

*Wise, J.*

{¶1}   Defendant-Appellant Wesley R. Lloyd appeals the decision of the Court of Common Pleas, Holmes County, which granted summary judgment in a foreclosure action in favor of Plaintiff-Appellee Vanderbilt Mortgage and Finance, Inc., mortgagee herein. The relevant facts leading to this appeal are as follows.[1]

{¶2}   In June 2008, appellant and co-defendant Jennifer Spitler executed a note, mortgage, and manufactured home rider with Appellee Vanderbilt Mortgage for an original principal amount of $95,323.00, to be paid initially in the amount of $873.03 per month. Said documents designate appellant and Spitler as single persons. In October 2008, appellant and Spitler executed a loan modification agreement, increasing the principal amount to $101,047.31.

{¶3}   Appellee has remained the mortagee and holder of the promissory note and mortgage, which concern a 6.138-acre parcel of land in Holmes County, Ohio, owned by appellant and Spitler. Appellee also holds a security interest in a 2001 Champion mobile home titled to Spitler, as referenced in the aforesaid manufactured home rider.

{¶4}   Appellant and Spitler thereafter defaulted on their monthly payments.

{¶5}   On January 25, 2010, Appellee Vanderbilt Mortgage filed a foreclosure action, seeking judgment on the note and mortgage. Appellant filed an answer on February 26, 2010. On April 26, 2010, appellant requested mediation.

---

[1]   Appellant's brief contains a combined "statement of case and facts" consisting of a one-paragraph recitation of the pleadings filed in the trial court. Appellant does not therein articulate any basic facts concerning the parties, mortgages, notes, or additional background information pertinent to this appeal. See App.R.16(A)(6).

{¶6} On August 9, 2010, appellee filed a motion for summary judgment. On November 10, 2010, appellant filed a reply thereto, as well as his own motion for summary judgment.

{¶7} On November 15, 2010, the trial court granted summary judgment in favor of appellee. On the same day, the court issued a judgment entry and foreclosure decree.

{¶8} On December 14, 2010, appellant filed a motion to dismiss, a notice of appeal, and a motion for stay of execution. On January 12, 2011, the trial court denied appellant's motion to dismiss, although a stay of the summary judgment pending appeal was granted on January 19, 2010.

{¶9} Appellant herein raises the following five Assignments of Error:

{¶10} "I. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT WHERE THERE IS A GENUINE ISSUE OF MATERIAL FACT DETERMINING WHO WAS RESPONSIBLE FOR SURRENDERING THE CERTIFICATE OF TITLE NEEDED TO PROPERLY CONVEY THE PROPERTY.

{¶11} "II. THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANT'S MOTION TO DISMISS.

{¶12} "III. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT WHERE THERE IS A GENUINE ISSUE OF MATERIAL FACT THAT THE APPELLEE FAILED TO PROVIDE AN APPROVED LEGAL DESCRIPTION OF SAID PROPERTY.

{¶13} "IV. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT WHERE THERE IS A GENUINE ISSUE OF MATERIAL FACT THAT THE

APPELLEE FAILED TO PROVIDE EVIDENCE THAT APPELLANT WAS REQUIRED TO PAY THE FULL YEAR'S TAXES BEFORE THE CERTIFICATE OF TITLE COULD BE SURRENDERED.

{¶14} "V. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT WHERE THERE IS A GENUINE ISSUE OF MATERIAL FACT THAT THE APPELLEE SUBMITTED A COPY OF THE ORIGINAL CERTIFICATE OF TITLE THAT DOES NOT CONTAIN THE APPELLANT AS AN OWNER NOR THE APPELLEE AS THE CURRENT LIEN HOLDER."

### *Summary Judgment Standard*

{¶15} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶16} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

I.

{¶17} In his First Assignment of Error, appellant contends the trial court erroneously granted summary judgment, claiming a genuine issue of material fact exists concerning surrender of the title to the mobile home on the property. We disagree.

{¶18} Title 45 of the Revised Code provides statutory procedures for legally converting or affixing a mobile home to real estate and thereby subjecting it to taxation along with the underlying realty. See R.C. 4503.06; R.C. 4505.11; *Snyder v. Hawkins*, Coshocton App.No. 03-CA-007, 2004-Ohio-99. One of the steps in this procedure is a requirement that either the mobile home owner or the lienholder surrender the certificate of title to the mobile home to the county auditor. See R.C. 4505.11(H).

{¶19} Appellant in the case sub judice appears to be raising an equitable argument that faults appellee for allegedly failing to properly arrange the surrender of

the certificate of title and thereby blocking him from refinancing the mortgage, thus creating a genuine issue of material fact under a summary judgment analysis.[2] However, we have recognized Civ.R. 56(E) requires that the non-moving party not rest upon his pleadings, but rather must defend by affidavit or other evidentiary quality materials. *Doe v. Turner* (July 11, 1994), Stark App.No. 94-CA-0027, 1994 WL 369956. Furthermore, a mortgagor raising an equitable defense against summary judgment bears the burden to affirmatively demonstrate the trial court did not consider the equities of the foreclosure action. See *First Knox National Bank v. Peterson*, Knox App.No. 08CA28, 2009-Ohio-5096, ¶ 22. Appellant's November 10, 2010 reply to appellee's summary judgment motion in the trial court record does not incorporate any affidavits or other supporting documents. Therefore, upon review, we find no genuine issue of material fact and hold summary judgment in favor of appellee was not erroneous as a matter of law regarding the issue of surrender of title.

{¶20} Appellant's First Assignment of Error is overruled.

II.

{¶21} In his Second Assignment of Error, appellant contends the trial court erred in denying his post-judgment "motion to dismiss," which he filed on December 14, 2010.

{¶22} In his motion, appellant relied on Holmes County Loc.R. 13(G), which states: "Prior to the submission of any Entry or Decree transferring or affecting any interest in real estate situated in Holmes County, Ohio, to the Court for execution, counsel shall submit the legal description of the real estate contained in said Entry to

---

[2] Appellant nonetheless does not articulate if Jennifer Spitler would have participated in any planned mortgage refinancing. Spitler, who has not appealed, is the sole owner of the mobile home according to the title.

the Holmes County Tax Map Office for review as to the legal sufficiency of said description. The original of any such Entry shall bear the approval stamp of said Tax Map Office prior to submission to the Court."

{¶23} We note appellant's notice of appeal and docketing statement in the case sub judice go only to the foreclosure decree of November 15, 2010. Appellant presently claims his subsequently-filed "motion to dismiss" was based on Civ.R. 60(B). See Appellant's Brief at 10. However, a judgment granting or denying Civ.R. 60(B) relief is separate and distinct from the order toward which the Civ.R. 60(B) motion was directed. *Brooks v. Merchant*, Cuyahoga App.No. 89462, 2008-Ohio-932, ¶ 13. As such, we are unable to review the denial of appellant's motion to dismiss in the present appeal.

{¶24} Appellant's Second Assignment of Error is overruled.

III.

{¶25} In his Third Assignment of Error, appellant contends the trial court erred in granting summary judgment, claiming a genuine issue of material fact exists concerning whether appellee complied with Holmes County Loc.R. 13(G), supra, concerning a proper legal description of the property at issue.

{¶26} Generally, an affidavit stating the loan is in default is sufficient for purposes of Civ.R. 56, in the absence of evidence controverting those averments. *Bank One v. Swartz*, Lorain App.No. 03CA008308, 2004-Ohio-1986, ¶ 14, citing *Yorkwood S. & L. Assoc. v. Jacobs* (Jul. 31, 1990), Montgomery App.No. 11998, 1990 WL 107840. It is undisputed that appellee herein supplied such an affidavit in support of its motion for summary judgment. We find the issue of appellee's compliance or non-compliance with Loc.R. 13(G), which addresses the technical requirements of certain judgment entries

and decrees, is irrelevant to the propriety of summary judgment in foreclosure under the circumstances of the case sub judice.

**{¶27}** Appellant's Third Assignment of Error is therefore overruled.

IV.

**{¶28}** In his Fourth Assignment of Error, appellant contends the trial court erroneously granted summary judgment, claiming a genuine issue of material fact exists concerning the payment of taxes as a prerequisite to the surrender of the title to the mobile home. We disagree.

**{¶29}** We again note that appellant's reply to appellee's summary judgment motion in the trial court record does not incorporate any affidavits or other supporting documents. However, the security agreement between the parties clearly indicates that escrow items such as taxes were the responsibility of appellant and Spitler in the absence of a written waiver, which appellant did not allege or provide to the court. The security agreement states in pertinent part:

**{¶30}** "Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay to Lender funds for any or all Escrow Items. * * *.  Any such waiver may only be in writing." Security Instrument at 4.

**{¶31}** Therefore, upon review, we find summary judgment in favor of appellee was not erroneous as a matter of law regarding the issue of tax payments.

**{¶32}** Appellant's Fourth Assignment of Error is overruled.

V.

**{¶33}** In his Fifth Assignment of Error, appellant argues the trial court erroneously granted summary judgment, claiming a genuine issue of material fact exists concerning appellee's status as the real party in interest. We disagree.

**{¶34}** Civ.R. 17(A) sets forth the requirement that cases be prosecuted by the real party in interest. In *Provident Bank v. Taylor*, Delaware App. No. 04CAE05042, 2005-Ohio-2573 and *LaSalle Bank Natl. Assoc. v. Street*, Licking App. No. 08CA60, 2009-Ohio-1855, we affirmed trial court decisions to grant summary judgment in favor of the mortgagees, where the mortgagee in each case had filed motions for summary judgment, attaching Civ.R. 56 evidence that the mortgagee was the lawful holder and owner of the note and mortgage, and the mortgager had failed to respond with Civ.R. 56 evidence to create a genuine issue of fact to the contrary. See *Taylor* at ¶ 17; *LaSalle* at ¶ 28.

**{¶35}** We herein apply the same reasoning and hold summary judgment in favor of appellee was not erroneous as a matter of law regarding the issue of the real party-plaintiff in interest.

**{¶36}** Accordingly, appellant's Fifth Assignment of Error is overruled.

**{¶37}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Holmes County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

JWW/d 0829

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


VANDERBILT MORTGAGE AND             :
FINANCE, INC.                       :
                                    :
    Plaintiff-Appellee              :
                                    :
-vs-                                :          JUDGMENT ENTRY
                                    :
WESLEY R. LLOYD                     :
                                    :
    Defendant-Appellant             :          Case No. 10 CA 24


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed.

Costs assessed to appellant.


                                    _____

                                    _____

                                    _____

                                         JUDGES